[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR A STAY
Plaintiff appeals from a decision of defendant Commissioner suspending plaintiff's motor vehicle operator's license for a period of 6 months under the provisions of section14-227b, Conn. Gen. Stats. (Revised to 1991). In connection with said appeal, plaintiff has requested that the court stay the suspension of his license pending the outcome of the appeal, and defendant objects to such stay.
The standard to be utilized in deciding whether to grant a stay pending an administrative appeal requires the court to consider a variety of factors, including: (1) the likely outcome of the appeal; (2) the irreparability of the harm to be suffered from immediate implementation of the agency order; (3) the effect upon other parties of a delay in implementing the suspension order; and (4) the public interest. Griffin Hospital v. Commission on Hospitals and Healthcare,196 Conn. 451, 458-459 (1985). In essence, the above factors must be considered by the court in its determination of the balancing of the equities" test.
At the motor vehicle department hearing, the hearing officer determined: (1) the police officer had probable cause to arrest the plaintiff for DUI; (2) he was placed under arrest; (3) that plaintiff refused to submit to a blood alcohol test; and (4) that the plaintiff was operating the motor vehicle.
In the instant matter, plaintiff only disputes the initial determination that the police officer had probable cause to arrest the plaintiff for DUI. It is plaintiff's contention that the arresting officer, a member of the Newington Police Department, observed only the commission of a motor vehicle infraction in the town of Newington, and accordingly had no probable cause to pursue plaintiff beyond the town of Newington because he was not committing a felony or other "offense" defined by section 53a-24(a), Connecticut General CT Page 7877 Statutes.
The aforesaid statutory definition of "offense" deals with penal code offenses. In section 1021(5) of the Connecticut Practice Book which deals with criminal procedure, "offense" means any crime or violation which constitutes a breach of any law of this state or any local law or ordinance of a political subdivision of this state, for which a sentence of a term of imprisonment or a fine, or both, may be imposed, including infractions and traffic offenses.
The court concludes that plaintiff was committing an offense (failure to obey traffic control) within the town of Newington, and that the police officer had the authority to pursue the plaintiff into Wethersfield under the provisions of section 54-1f(c). After pursuing and stopping the plaintiff in Wethersfield, the record indicates that the officer had probable cause to arrest the plaintiff for the additional offense of operating a motor vehicle while under the influence of liquor. Accordingly, the court concludes that plaintiff's challenge to the motor vehicle hearing officer's finding that there was probable cause for the arrest is not likely to succeed.
Plaintiff's motion for stay is denied.
JOSEPH H. GOLDBERG SENIOR JUDGE